UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PEOPLE OF THE STATE OF NEW YORK
LETITIA JAMES, NEW YORK STATE
ATTORNEY GENERAL,

                              Plaintiff,

    v.

NIAGARA-WHEATFIELD CENTRAL
SCHOOL DISTRICT,

                              Defendant.
_____

**DECISION
and
ORDER**

**21-CV-759JLS(F)**

APPEARANCES:        LETICIA JAMES
                         ATTORNEY GENERAL OF THE STATE OF NEW YORK
                         Attorney for Plaintiff
                         AMANDA MEYER,
                         SANDRA E. PULLMAN,
                         Assistant New York Attorney Generals, of Counsel
                         28 Liberty Street
                         20th Floor
                         New York, New York 10005

                         HARRIS BEACH PLLC
                         Attorneys for Defendant
                         SVETLANA K. IVY,
                         DANIEL R. LeCOURS,
                         BRIAN C. MAHONEY, of Counsel
                         726 Exchange Street, Suite 1000
                         Buffalo, New York  14210


       In this action pursuant to 20 U.S.C. § 1681(a) prohibiting sex discrimination in connection with any educational program receiving federal financial assistance, by joint motion filed May 9, 2022 (Dkt. 33) ("Joint Motion") the parties requested the court approve the proposed order included with the Joint Motion allowing disclosure of certain student records maintained by Defendant to the extent permitted by 20 U.S.C. § 1232g

and 34 C.F.R. § 99.31(a)(9)(ii) ("§ 99.31(a)(9)(ii)").  In an e-mail to the parties, dated March 24, 2022, the court requested the parties' comments on whether the court should defer action on the Joint Motion pending determination of Defendant's motion to dismiss as well as the form of the notice to students' parents required by § 1232g and § 99.31(a)(9)(ii) should the court approve the Joint Motion and the proposed disclosure order.  Defendant's Rule 12(c) motion was filed March 10, 2022 (Dkt. 34) and a briefing schedule was entered on March 16, 2022 (Dkt. 36).  Plaintiff's response to Defendant's Rule 12(c) motion is due April 7, 2022; Defendant's reply is due April 21, 2022 (Dkt. 36).  The parties filed a joint response to the court's e-mail on April 4, 2022 (Dkt. 37).  In this response, Plaintiff stated Plaintiff believes deferral of the court's approval of the disclosure order proposed by the Joint Motion will unnecessarily delay discovery presently scheduled to be completed by August 1, 2022 as provided in the current Case Management Order (Dkt. 26) (Dkt. 37 at 2).  Defendant, however, believes deferral would be a "sound exercise of judicial discretion."  *Id.* 37 at 2.

   The court notes that should Defendant's motion be successful, the required notice to the parents of the affected students and potential parental requests to the court for "protective action" as permitted by § 99.31(a)(9)(ii) as well as possible agitation for the affected families, would be postponed.  Further, the substantive issues raised by Defendant's motion, including, a potential lack of subject matter jurisdiction for this action, supports a pause in completing discovery in this action as scheduled until Defendant's motion is resolved.  Accordingly, the court, in its discretion, finds it should not approve the Joint Motion pending a determination of Defendant's Rule 12(c) motion.  The court also finds, in these circumstances, further discovery should be stayed.  *See*

*Chinn v. Elmwood Franklin School*, 2018 WL 5668510, at *2 (W.D.N.Y. Nov. 1, 2018) (magistrate judge exercising broad discretion in staying discovery pending resolution of dispositive motion).

Finally, the court notes that its e-mail also requested the parties comment on the form of the required notice to parent in the event the court approved the Joint Motion, but that the parties' response (Dkt. 37) did not include any comments in response to the court's request.  The court is, therefore, uncertain whether the parties intend to offer any responsive comment or leave the question to the court's own determination.

## CONCLUSION

Based on the foregoing, further consideration by the court of the Joint Motion (Dkt. 33) is DENIED without prejudice pending determination of Defendant's motion; discovery in this action is hereby STAYED pending such determination.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  April 6, 2022
Buffalo, New York