UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PEOPLE OF THE STATE OF NEW
YORK, BY LETITIA JAMES, NEW
YORK STATE ATTORNEY GENERAL,

    Plaintiff,

v.

NIAGARA-WHEATFIELD CENTRAL
SCHOOL DISTRICT,

    Defendant.

21-CV-759 (JLS) (LGF)



---

# DECISION AND ORDER

Plaintiff New York State Attorney General Letitia James brought this action on behalf of the People of the State of New York, under the *parens patriae* doctrine, alleging Title IX and negligent supervision claims against Defendant Niagara-Wheatfield Central School District based on alleged instances of discrimination against female students at Defendant's schools that Defendant failed to address. Dkt. 1. With consent, Plaintiff filed an amended complaint—now the operative pleading. Dkt. 10; Dkt. 11. Defendant answered the amended complaint. Dkt. 14. The Court then referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 15.

Defendant moved for judgment on the pleadings. Dkt. 34. Plaintiff opposed, and Defendant replied. Dkt. 39; Dkt. 40.

Judge Foschio issued a comprehensive Report and Recommendation (R&R) on May 11, 2022, presenting options and recommending:

- First, that this Court grant Defendant's motion as to Plaintiff's Title IX claim for failure to establish *parens patriae* standing, and decline to exercise supplemental jurisdiction over Plaintiff's state-law negligent supervision claim (Dkt. 41, at 12–21, 30); or

- Alternatively, if this Court disagrees with the *parens patriae* recommendation, that it grant Defendant's motion as to Plaintiff's Title IX claim for lack of standing to seek injunctive and relief based on the allegations in the amended complaint, and that it decline to exercise supplemental jurisdiction over Plaintiff's state-law negligent supervision claim (*id.* at 21–22, 30); or

- If this Court disagrees with both recommendations regarding standing, that it deny Defendant's motion as to Plaintiff's Title IX claim because the amended complaint plausibly states such a claim, and that it grant Defendant's motion on Plaintiff's negligent supervision claim for lack of standing to seek injunctive relief (*id.* at 23–30); or

- If this Court disagrees with all recommendations regarding lack of standing on Plaintiff's Title IX and negligent supervision claims, that it deny Defendant's motion as to both claims because the amended complaint plausibly alleges each claim (*id.* at 23–35).

2

## I. The R&R and the Parties' Objections

Plaintiff objected to the R&R, arguing that the magistrate judge incorrectly concluded Plaintiff failed to establish *parens patriae* standing and incorrectly concluded that she lacks standing to seek injunctive relief. *See* Dkt. 42. She also requests leave to amend, if this Court were to accept the recommendation to grant Defendant's motion. *See id.* at 21–22. Defendant responded in opposition. Dkt. 48. Plaintiff replied in further support of her objections. Dkt. 51.

Defendant also objected to the R&R. Dkt. 44. First, Defendant argues that, if this Court were to exercise supplemental jurisdiction over Plaintiff's state-law negligent supervision claim, it should dismiss that claim, too, for lack of *parens patriae* standing. *See id.* Defendant also objects to the R&R's conclusion that the amended complaint pleads plausible Title IX and negligent supervision claims. *See id.* Plaintiff responded, and Defendant replied. Dkt. 49; Dkt. 50.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Foschio's recommendation to

grant Defendant's motion as to Plaintiff's Title IX claim because Plaintiff did not establish *parens patriae* standing to pursue that claim. Plaintiff has not identified authority to support *parens patriae* standing in a context like this one—where a plaintiff relies on distinct examples of alleged discrimination and a policy or practice of failing to respond to such instances of discrimination to establish the requisite injury to a substantial segment of the population. Nor did Judge Foschio's thorough survey of the relevant case law reveal such authority.

The number of exemplars in the amended complaint alone—here, four detailed examples plus a reference to thirty additional instances—is not necessarily fatal to Plaintiff establishing *parens patriae* standing. Rather, Plaintiff did not establish *parens patriae* standing because she relies on examples of factually distinct instances of discrimination and a general policy or practice of Defendant's alleged failure to respond adequately to such discrimination, unlike the cases in which such standing exists. *Cf. New York by Abrams v. 11 Cornwell Co.*, 695 F.2d 34, 37–40 (2d Cir. 1982) (conspiring to sell property as single-family residence to prevent property from becoming community residence for mentally-challenged individuals), *vacated on other grounds*, 718 F.2d 22 (2d Cir. 1983); *New York by Schneiderman v. Utica City Sch. Dist.*, 177 F. Supp. 3d 739, 743–44, 748 (N.D.N.Y. 2016) (systematic diversion of immigrant students aged 17 to 20 to alternative education program instead of district's high school); *New York v. Peter & John's Pump House, Inc.*, 914 F. Supp. 809, 811–12 (N.D.N.Y. 1996) (policy and practice of requiring African American patrons to present proof of age and to meet a dress

code, resulting in denying those patrons admission to club); *New York by Vacco v. Mid Hudson Med. Grp., P.C.*, 877 F. Supp. 143, 145, 147 (S.D.N.Y. 1995) (failure to provide interpretive services to hearing-impaired patients, resulting in reliance on note-writing and lip-reading to communicate with doctors); *Support Ministries for Persons With AIDS, Inc. v. Vill. of Waterford*, 799 F. Supp. 272, 274–75, 277–78 (N.D.N.Y. 1992) (refusal to grant variance to entity seeking to establish group home for persons with AIDS experiencing homelessness).

In other words, Plaintiff lacks standing because the exemplars do not establish that Defendant's policy or practice affects a substantial segment of the population. *See* Dkt. 41, at 16 ("Plaintiff fails to establish that the alleged sexual harassment and discrimination of the four student victims within the [district] sufficiently establishes injury to a substantial segment of New York's population.").

The Court also accepts Judge Foschio's recommendation that it decline to exercise supplemental jurisdiction over Plaintiff's state-law negligent supervision claim. Because the Court lacks subject-matter jurisdiction over the Title IX claim in the amended complaint, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim. *See* 28 U.S.C. § 1367(c)(3) ("[A] district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . [it] has dismissed all claims over which it has original jurisdiction . . . .").

The Court does not address Judge Foschio's alternative recommendations in light of the conclusions above regarding *parens patriae* standing and supplemental jurisdiction.

## II. Leave to Amend

Plaintiff seeks leave to amend, suggesting that she would add allegations about current students who have contacted her about Defendant's conduct regarding instances of discrimination. *See* Dkt. 42, at 7 n.2, 21–22; Dkt. 51, at 10 n.2. Defendant opposes Plaintiff's request. *See* Dkt. 48, at 15–16.

The Court denies leave to amend. Plaintiff already amended the complaint once, with Defendant's consent. *See* Dkt. 10. Moreover, other than a generic reference to additional instances of discrimination, Plaintiff does not identify how she would amend, or how any additional exemplars would address the deficiency discussed above. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."); *see also Bldg. Trades Pension Fund of W. Pennsylvania v. Insperity, Inc.*, No. 20 CIV. 5635 (NRB), 2022 WL 784017, at *16 n.10 (S.D.N.Y. Mar. 15, 2022) ("Plaintiff requests, in a single sentence at the end of its brief, that it be given the opportunity to replead if the motion to dismiss is granted. However, plaintiff does not explain how it would amend its complaint, and as such, its request is insufficient.").

In light of the Court's conclusions above and in the R&R regarding *parens patriae* standing, Plaintiff's general reference to proposed amendment is insufficient and does not justify leave to amend. *See Noto v. 22nd Century Grp.*, 35 F.4th 95, 107–08 (2d Cir. 2022) (denial of leave to amend appropriate where plaintiffs stated

only that they "could cure any deficiencies with additional testimony about defendants' editing, review, and approval of the promotional articles, but [did] not allege what specific facts they would include to demonstrate the level of control needed for Rule 10b-5(b) liability") (internal quotation marks omitted).

## CONCLUSION

For the reasons stated above and in the R&R, the Court:

- Accepts and adopts, in part, the R&R (Dkt. 41);
- Grants Defendant's motion for judgment on the pleadings (Dkt. 34), without prejudice;
- Declines to exercise supplemental jurisdiction over Plaintiff's state-law negligent supervision claim; and
- Denies Plaintiff leave to file a second amended complaint.

The Clerk of Court shall close this case.

SO ORDERED.

Dated:   August 26, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE