UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PEOPLE OF THE STATE OF NEW YORK
LETITIA JAMES, NEW YORK STATE
ATTORNEY GENERAL,

                Plaintiff,

    v.

NIAGARA-WHEATFIELD CENTRAL
SCHOOL DISTRICT,

                Defendant.
_____

**DECISION
and
ORDER**

**21-CV-759-JLS(F)**

APPEARANCES:        LETICIA JAMES
                           ATTORNEY GENERAL OF THE STATE OF NEW YORK
                           Attorney for Plaintiff
                           AMANDA M. MEYER,
                           SANDRA E. PULLMAN,
                           Assistant New York Attorney Generals, of Counsel
                           28 Liberty Street, 15th Floor
                           New York, New York 10005
                                and
                           DANIEL R. MAGUIRE
                           Assistant New York Attorney General, of Counsel
                           Main Place Tower
                           350 Main Street, Suite 300a
                           Buffalo, New York 14202

                           HARRIS BEACH MURTHA PLLC
                           Attorneys for Defendant
                           DANIEL R. LeCOURS, of Counsel
                           677 Broadway, Suite 1101
                           Albany, New York 12207
                                and
                           TRACIE L. LOPARDI, of Counsel
                           Larkin at Exchange
                           726 Exchange Street
                           Suite 1000
                           Buffalo, New York 14210

In this action seeking equitable relief for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and a state law claim of common law negligent supervision, by papers filed January 28, 2025, Defendant requests, based on the court's inherent power, a stay of further proceedings pending disposition of Defendant's petition for a writ of certiorari to the Supreme Court.  Specifically, Defendant seeks the court's order to stay further proceedings in this case, particularly fact discovery that would be required pursuant to the Second Circuit's reversal on October 15, 2024 of this court's August 26, 2022 Decision and Order (Dkt. 52) adopting the undersigned's Report and Recommendation filed May 11, 2022 (Dkt. 41) that the Plaintiff's action be dismissed for lack of *parens patriae* standing.  On March 3, 2025, Defendant's application (24A842) for extension of time within which to file Defendant's petition for certiorari to April 10, 2025 was granted by Justice Sotomayor.  Thus, the issue presented in Defendant's motion is whether the expected pendency of Defendant's petition warrants a stay of further proceedings in this case.

In deciding whether to grant a stay in these circumstances courts consider five factors: (1) plaintiff's interest in proceeding expeditiously balanced against potential prejudice to plaintiff that may result from delay, (2) defendant's interest and burden if stay is not grant, (3) interests of the court, (4) the interests of non-parties, and (5) the public interest.  See *Nelson v. G.Skill USA, Inc.*, 2023 WL 3300408, at *4 (W.D.N.Y. May 8, 2023) (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (citing *Volmar Distributors v. New York Post Co.,* 152 F.R.D. 36, 39 (S.D.N.Y.1993)) ("the *Koppel* factors").  "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones,* 520 U.S. 681, 708 (1997).  The *Kappel* factors have been applied in

cases where, as here, the proffered rationale for a stay is based upon the pendency of a certiorari petition to the Supreme Court. *See Consumer Financial Protection Bureau v. Manseth*, 2024 WL 805628, at **4-7 (W.D.N.Y. Feb. 26, 2024). "The decision of whether to stay a case is a 'case-by-case determination' that turns on the particular facts and posture of the individual case." *Consumer Financial Protection Bureau*, 2024 WL 805628, at *2 (quoting *Kappel*, 914 F. Supp. at 1058). Such a determination is within the court's discretion. *See Catskill Mountains Chapter of Trout Unlimited, Inc. v. United State E.P.A*, 630 F.Supp.2d 295, 304 (S.D.N.Y. 2009).

With respect to the period of delay and potential prejudice which may accrue to Plaintiff, the court finds this factor favors Defendant for three reasons. First, the Supreme Court is likely to decide whether to grant Defendant's expected petition by the end of the Court's current term, or by the end of June. Thus, to the extent the pendency of Defendant's petition may, if a stay is granted, cause any delay in commencing discovery, such delay is minimal. Second, given that a litigation hold has, since April 6, 2022, been in effect; *see* Dkt. 38, there is little risk of loss of discoverable documents. Third, as to the memories of potentially affected students and their parents or guardians, any further delay of deposition practice directed to such putative witnesses is not likely to significantly diminish their ability to recall events from the relevant period 2016-2019 that has not already occurred. Thus, any additional delay in commencing discovery attributable to Defendant's petition is also minimal. While Plaintiff contends that "[a]dditional delay is clearly prejudicial to the State," *see* (Dkt. 68) at 5, such assertion ignores the fact that if, as a result of Defendant's petition, it is determined that Plaintiff lacks standing, New York State will suffer no such prejudice. Accordingly, this

factor supports granting the stay.

In regard to the second *Kappel* factor, defendant's interests in avoiding potentially unnecessary discovery and related costs, also favors granting a stay. In the instant case, the Defendant expects that Plaintiff will seek to examine the records of 82 additional students and families, *see* (Dkt. 65-2) at 11, in an effort to establish some 30 putative Title IX violations asserted by Plaintiff by Defendant in addition to the four cases alleged in Plaintiff's Amended Complaint. Defendant has a reasonably-based interest in avoiding such discovery during the pendency of Defendant's certiorari petition as granting the Defendant's petition together with a potential reversal by the Supreme Court of the Second Circuit's disposition of Plaintiff's appeal of Judge Sinatra's dismissal of the case would render any discovery completed in vain. Thus, the second *Kappel* factor, defendant's interest, favors granting the requested stay.

With respect to the third *Kappel* factor, the interest of the court, it is fair to say that it is obvious that it cannot be gainsaid that a favorable ruling by the Supreme Court on Defendant's petition that Plaintiff lacks standing would render any rulings made by this court during the Supreme Court's review, void. Moreover, it is common for courts to grant a stay where a petition for certiorari is pending that if granted may be dispositive of the underlying proceeding as would be true of the instant case. *See Right to Life of Dutchess County, Inc. v. Federal Election Com'n*, 6 F.Supp.2d 248, 251 (S.D.N.Y. 1998) (court stayed proceedings where defendant had filed petition of certiorari); *Davis v. Blige*, 2008 WL 2477461, at *2 (S.D.N.Y. June 16, 2008) (same). Thus the court's interest would be served by granting the stay.

As regards the fourth *Kappel* factor, the interest of 30 (and potentially as many as

4

an additional 82) non-parties, the court finds this further also points to granting the requested stay. This is true because upon learning, as a result of Plaintiff's discovery request, that their students may have been involved in some form of improper conduct while a student at Defendant's school, such knowledge will have a highly disconcerting effect upon such parents as well as their students whose records are sought by Plaintiff. In order to avoid such potentially unnecessary and avoidable adverse effects, a stay is justified and warranted.[1]  Finally, the public interest also supports granting the requested stay. In light of Judge Cabranes's concurrence, effectively encouraging Defendant to seek Supreme Court review of the panel's decision, the public interest in assuring that important litigation proceeds in accordance with a correct application of law without unnecessarily stigmatizing effects on innocent non-parties is probable and well-grounded. Accordingly, the court finds the fifth *Kappel* factor also operates in favor of granting the stay.

## CONCLUSION

Based on the foregoing, Defendant's motion (Dkt. 65) is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  March 14, 2025
    Buffalo, New York

---

[1] Plaintiff's questioning of Defendant's assertion that discovery pertaining to an additional 30 victims will require discovery related to 82 additional families, *see* (Dkt. 68) at 6, presumes that the relevant discovery would only be required of the putative victims, rather than the associated alleged violators and any student witnesses.