UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PEOPLE OF THE STATE OF NEW YORK BY                          **ORDER**
  LETITIA JAMES, NEW YORK STATE
  ATTORNEY GENERAL,                                         **21-CV-759-JLS(LGF)**

                              Plaintiffs,

                    v.

NIAGARA-WHEATFIELD CENTRAL SCHOOL
  DISTRICT,

                              Defendant.
_____

APPEARANCES:          LETITIA A. JAMES
                      ATTORNEY GENERAL, STATE OF NEW YORK
                      Attorney for Plaintiffs
                      DANIEL RYAN MAGUIRE
                      Assistant Attorney General, of Counsel
                      Main Place Tower
                      Suite 300A
                      350 Main Street
                      Buffalo, New York  14202
                                   and
                      SANDRA ELIZABETH PULLMAN
                      Assistant Attorney General, of Counsel
                      28 Liberty Street
                      20th Floor
                      New York, New York  10005

                      HARRIS BEACH MURTHA ATTORNEYS AT LAW
                      Attorneys for Defendant
                      DANIEL ROBERT LeCOURS, of Counsel
                      677 Broadway
                      Suite 1101
                      Albany, New York  12207


      In this action seeking equitable relief for violations of Title IX of the Education

Amendments of 1972, 20 U.S.C. § 1681, and also asserting a state common law claim

for negligent supervision, on February 24, 2026, the undersigned issued an order

1

permitting the production by Defendant Niagara-Wheatfield Central School District

("Defendant" or "the District"), of certain education records falling within the purview of

the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34

C.F.R. § 99 (Dkt. 78) ("FERPA Order").  The FERPA Order directed Defendant to

disclose to Plaintiff "all relevant documents and other materials pertaining to students

who were involved in or aware of the alleged incidents of gender-based harassment and

sexual assault in the District, allegedly identified as TG, CC, AS, and LW in Plaintiff's

First Amended Complaint (Dkt. 11)," and in compliance with 34 C.F.R. §§ 99.31(a)(9)(i)

and (ii) ("§ 99.31___").  FERPA Order at 2.  The FERPA Order further provides that "prior

to production of any records that contain personally identifiable information protected by

FERPA, the District shall comply with 34 C.F.R. § 99.31 and any other statute or

regulation that at the time of production is applicable to education records ("applicable

law")." [1]  *Id.*  Attached to the FERPA Order was a form letter for Defendants to use to

inform potentially affected parents and legal guardians of the District's intention to

disclose the education records of their students to Plaintiff.  Defendant's disclosures

---

[1] Relevantly, § 99.31 provides:
(a) An educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by § 99.30 if the disclosure meets one or more of the following conditions:

\* \* \* \*

(9)(i) The disclosure is to comply with a judicial order or lawfully issued subpoena.
(ii) The educational agency or institution may disclose information under paragraph (a)(9)(i) of this section only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action, unless the disclosure is in compliance with . . . .[listing situations not applicable here]

34 C.F.R. § 99.31

Further, the protective order referenced in § 99.31(a)(ii) may be sought by a non-litigant pursuant to Fed.R.Civ.P. 26(c) "which permits any party or person from whom discovery is sought to 'move for a protective order in the court where the action is pending . . . .'"  *Smith v. Brown University*, 695 F.Supp.3d 246, 250-51 (D.R.I. 2023) (quoting Fed.R.Civ.P. 26(c)).

pursuant to the FERPA Order were considered as within the purview of the January 28, 2022 Confidentiality Order (Dkt. 29), *id*. at 3, and the court retained jurisdiction over all persons subject to the FERPA Order insofar as it is necessary to enforce any obligations arising thereunder or to impose any contempt sanctions, and the court reserved the right to modify, in the court's sole discretion, the FERPA Order at any time. *Id*.

Following issuance of the FERPA Order, Defendant, in accordance with the FERPA Order, advised the parents of those students whose records were chosen for disclosure to Plaintiffs in response to Plaintiffs' requests, of the District's intention to release such records to Plaintiffs unless objection was made to the undersigned. Several objections to the release of the records were received by the undersigned or Defendant's counsel, and the objecting parents were advised to direct their objections to Defendants counsel.

By letter dated April 2, 2026 (Dkt. 80) ("Letter Request"), Daniel LeCours, Esq. ("LeCours"), Defendant's attorney, advised the undersigned that he writes jointly on behalf of the parties to this action, and that the parties have met and conferred, and agreed upon a procedure by which the education records for those students on whose behalf objections or further inquiries have been made could be released, specifically, with all Personally Identifiable Information ("PII"), as defined in the relevant regulations, redacted from the education records.  Letter Request at 1.  In support of this proposal, the parties reference *Ragusa v. Malverne Union Free School District*, 549 F.Supp.2d 288, 293 (E.D.N.Y. 2008) ("*Ragusa*"), for the proposition that "there is nothing in FERPA that would prohibit Defendants from releasing education records that had all 'personally

identifiable information' redacted").  *Id*.  *See also Doe v. Wesleyan University*, 2021 WL 4704852, at * 8 n. 4 (D.Conn. Oct. 8, 2021) ("*Wesleyan University*") (noting "that when the requesting party consents to the redaction of all personally identifying information in the records, FERPA may not even apply in the first instance." (citing *Stellwag v. Quinnipiac University*, 2010 WL 4823355. At * 1 n. 1 (D.Conn. Nov. 18, 2010) ("*Stellwag*") (quoting *Ragusa*))), and quoting *U.S. v. Miami University*, 294 F.3d 797, 824 (6th Cir. 2002) ("*Miami University*") ("Nothing in . . . FERPA would prevent universities from releasing properly redacted records."")).[2]

Upon reviewing the Letter Request, the undersigned finds it appropriate to amend the FERPA Order to provide as follows:

**THE COURT HEREBY ORDERS THAT:**

1.  Pursuant to 34 C.F.R. § 99.31(a)(9)(i) and (ii), the District shall produce all relevant documents and other materials pertaining to students who were involved in or aware of the alleged incidents of gender-based harassment and sexual assault in the District, allegedly identified as TG, CC, AS, and LW in Plaintiff's First Amended Complaint (Dkt. 11).  Such production shall be made notwithstanding the fact that Plaintiff has not obtained individual consent, pursuant to 34 C.F.R. § 99.30, from any student(s) who may be named or otherwise identified in such materials.

---

[2] The court notes that regulations promulgated under § 1232g overlook the provision imposing restrictions to the "release of education records (or personally identifiable information contained therein . . . )" without obtaining the consent of the student's parents or guardians.  20 U.S.C. § 1232g(b)(1).  *See*, *e.g.*, 34 C.F.R. § 99.31(a) (An educational agency or institution *may disclose personally identifiable information from an education record* of a student . . . .") (italics added).  This inconsistency calls into question whether redacting PII in education records, without obtaining the consent of parents, complies with § 1232g. Neither *Ragusa*, *Wesleyan University*, *Stellwag*, *Miami University*, nor in any other published decision regarding the release of education records in accordance with FERPA discusses this apparent inconsistency.

2.  Prior to production of any records that contain Personally Identifiable Information ("PII") the District shall redact such PII.  As defined in the regulations promulgated pursuant to and protected under FERPA, PII

. . . includes, but is not limited to—

(a) The student's name;
(b) The name of the student's parent or other family members;
(c) The address of the student or student's family;
(d) A personal identifier, such as the student's social security number, student number, or biometric record;
(e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;
(f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or
(g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. § 99.3

3.  In addition to the redactions as ordered above, Defendants are directed to rearrange the records so that they are produced in random order and not by alphabetical order nor by class year.

4.  Use of this information is limited to this action brought by the People of New York by Letitia James, New York Attorney General against Niagara-Wheatfield Central School District.

5.  Access to this information is limited to Plaintiff, Plaintiff's attorneys, and any expert hired to assist Plaintiff at trial.

6.  None of the redacted disclosed information is to be photocopied, except to provide one copy to Plaintiffs attorney, and one copy to be marked for use at any depositions as needed.  Any application to the court by motion or otherwise seeking to

use this information as an exhibit shall provide that such exhibit is filed under seal and is not posted for public view on the court's Electronic Court Filing system.

7.  All disclosed and redacted information provided to Plaintiff by Defendant shall be returned to the District upon the conclusion of this case.

8.  Disclosure of documents and information pertaining to the individuals referenced in paragraph 1 of this Order shall not preclude Plaintiff from seeking, through a further motion, further disclosure under 34 C.F.R. § 99.31(a)(9)(i) and (ii) as it pertains to such individuals or other individuals.

9.  This Order is not intended to limit or expand the scope of discovery under Fed.R.Civ.P. 26(c) or otherwise. The parties reserve all rights regarding the scope of discovery, including the right to make an application to the court in accordance with Local Rules of Civil Procedure – Western District of New York Rule 7(d)(3).

10.  All disclosures made pursuant to this Order shall fall under the purview of the Confidentiality Order (Dkt. 29) filed in the instant Action.

11.  The court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the court reserves the right, in its sole discretion, to modify this Order at any time.


A copy of this Order shall be mailed to the objecting parents or guardians as referenced hereinabove.

6

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    April 30, 2026
          Buffalo, New York

**Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court <u>not later than 14 days</u> after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**